# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel* DIVYAKANT PATEL and HARSHAD PATEL, <br><br> Plaintiffs, <br><br> v. <br><br> FIDELITY DEPOSIT AND DISCOUNT BANK, *et al.*, <br><br> Defendants. | : <br> : <br> : <br> : CIVIL ACTION NO. 3:19-cv-1824 <br> : (JUDGE MARIANI) <br> : (Magistrate Judge Carlson) <br> : <br> : <br> : <br> : <br> : <br> : |

## ORDER

**AND NOW, THIS 27th DAY OF JUNE 2023,** upon *de novo* review of Magistrate Judge Martin C. Carlson's Report and Recommendation ("R&R") (Doc. 93) and all relevant documents, **IT IS HEREBY ORDERED THAT**:

1. Defendants' objections to the R&R (*see* Docs. 95, 96) are **OVERRULED**.[1]

2. The R&R is **ADOPTED AS MODIFIED** for the reasons set forth therein and at paragraphs 5 and 7 herein.[2]

---

[1] Resolution of the parties' objections to the R&R were rendered far more difficult because the parties themselves approached the motions to dismiss as if they were motions for summary judgment. In doing so, the parties based arguments on factual contentions that are entirely inappropriate at the motion to dismiss stage under the familiar standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Relevant objections may be reasserted at the summary judgment stage of litigation.

[2] In adopting the R&R as modified, the Court does not reach the issue of whether the instant action is timely since it is well settled that, unless timeliness can be determined from the face of the complaint, a determination of timeliness must be determined at the conclusion of discovery in connection with an ensuing motion for summary judgment.

3. Defendants' motions to dismiss (Docs. 62, 63) are **GRANTED IN PART**, **HELD IN ABEYANCE IN PART**, and **DENIED IN PART**.

4. The motions are **GRANTED** insofar as

    a. Defendant Fidelity D&D Bancorp. Inc. is **DISMISSED WTH PREJUDICE** from this action;

    b. Clarks Summit Hospitality, LLC, ("CSH") is found to be a necessary party in this litigation.

5. A decision on the feasibility of the joinder of CSH shall be **HELD IN ABEYANCE** pending the filing of supplemental briefs in support of the parties' positions on this issue.

    a. Defendants shall file supplemental briefs within **twenty-eight (28) days** of the date of this Order;

    b. Plaintiffs shall file responsive briefs within **fourteen (14) days** of the date of service of Defendants' briefs;

    c. Defendants may file reply briefs within **fourteen (14) days** of the date of service of Plaintiffs' responsive briefs.

6. Defendants' motions (Docs. 62, 63) are **DENIED** in all other respects.

7. A decision on the appropriate resolution of Plaintiffs' Motion for Leave to File Third Amended Complaint (Doc. 76) is **HELD IN ABEYANCE** pending consideration and disposition of matters raised in the parties' supplemental filings identified in paragraph 5.

8. Relators' Request for Oral Argument (Doc. 101) is **DENIED**.

9. This case is remanded to Magistrate Judge Carlson for consideration of the matters held in abeyance and further pretrial management.

*[signature]*
Robert D. Mariani
United States District Judge