IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, EX REL DIVYAKANT PATEL AND HARSHAD PATEL | : : : : | Civil No. 3:19-CV-1824 |
| Plaintiff, | : : : | (Judge Mariani) |
| v. | : : | (Magistrate Judge Bloom) |
| THE FIDEILITY DEPOSIT & DISCOUNT BANK, et al., | : : : : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

Pending before the court is Relator Divyakant Patel's motion to "enforce" the supplemental briefing schedule set the Honorable Robert D. Mariani on June 27, 2023. (Doc. 107). As set forth below, the parties are directed to confer about whether supplemental briefing is necessary and report to the Court by **October 16, 2023**. In the event that supplemental briefing is necessary, Defendants must file their supplemental briefs by **October 30, 2023**, the relators must file their opposition by **November 13, 2023**, and the defendants must file their reply memoranda, if any, by **November 27, 2023**.

### A. Procedural Posture

All Defendants moved to dismiss the Second Amended Complaint in this matter on June 4, 2021. (Docs. 62-65). On July 27, 2022, the Honorable Martin C. Carlson issued a report and recommendation ("R&R") recommending, among other things, that the Honorable Robert D. Mariani deem Clark Summit Hospitality ("CSH") to be a necessary party and either order CSH to be joined as a defendant or direct Defendants to renew their motions to dismiss on the grounds that CSH is a necessary and indispensable party that cannot feasibly be joined. (Doc. 93). On June 27, 2023, Judge Mariani adopted the R&R in part and set a schedule for the parties to brief the question of whether CSH could feasibly be joined in this action. (Doc. 102). Pursuant to that schedule, the defendants' deadline to file their supplemental briefs was July 25, 2023. (*Id.*).

On July 19, 2023, the defendants moved, without opposition, for a 45-day extension of the briefing schedule, which Judge Carlson granted later that day. (Docs. 103, 104). On September 7, 2023, Defendants 1101 Northern Boulevard LLC, Marina Capital LLC, and Ankim M. Shah

moved for a second extension of the briefing schedule. (Doc. 105). Specifically, those defendants requested that the Court extend their deadline to file their supplemental briefs until 14 days after a mediation in a New Jersey state court, which, at the time, was projected to be scheduled on one of two dates—September 29, 2023 or October 27, 2023. Judge Carlson granted the second extension request and ordered Defendants 1101 Northern Boulevard LLC, Marina Capital LLC, and Ankim M. Shah to "file notice with the Court after the mediation is scheduled." (Doc. 106).

On October 1, 2023, this case was transferred to the undersigned. On October 3, 2023, Relator Divyakant Patel moved for an order directing the defendants to file their supplemental briefs by October 13, 2023. (Doc. 107). Defendants 1101 Northern Boulevard LLC, Marina Capital LLC, and Ankim M. Shah opposed the motion on October 9, 2023. (*Id.*). On October 5, 2023, this court directed the defendants to respond to the relators' motion by October 9, 2023, and to explain in their response 1) whether the mediation in state court had been scheduled and 2) why the supplemental briefing in this matter should not commence until the

3

mediation has concluded. (Doc. 109).

In their opposition, the defendants explained that "the New Jersey state Court has not yet scheduled the mediation" but has scheduled a settlement conference for October 16, 2023, the date that trial was originally scheduled to commence in the state matter. (Doc. 110). As to why supplemental briefing in this matter should be stayed until the mediation has concluded, the defendants simply stated that "[t]he mediation is intended to address all pending disputes between the Relators and 1101 Defendants. Further, contemporaneous settlement discussions are ongoing with Fidelity." (*Id.*).

### B. The Necessity of Supplemental Briefing

Though Judge Mariani directed the parties to file supplemental briefing on whether CSH could feasibly be joined, it appears that both parties believe joinder is feasible. The relators have stated both in their October 3, 2023 motion and in an email to defense counsel that there are no grounds to contest "feasibility." (Docs. 108 and 110). Likewise, the defendants stated in their motion to dismiss that "there is no dispute that Relators could name DelVal and CSH in this action." (Doc. 65 at 14). If

4

the parties agree that CSH can feasibly be joined in this matter, then it would be unnecessary for the parties to brief feasibility. Accordingly, the parties are directed to confer about whether CSH can feasibly be joined and to report their positions to the Court by **October 16, 2023**.

### C. Supplemental Briefing Schedule

If the parties disagree on the feasibility of joinder, then the defendants are directed to file their supplemental briefs on **October 30, 2023**—14 days after the settlement conference in New Jersey takes place. The relators must then file their opposition by **November 13, 2023** and the defendants must file their reply memoranda, if any, by **November 27, 2023**. The court does not anticipate further extending this schedule.

In their opposition, the defendants implied that the mediation may still proceed even though a settlement conference has been scheduled in the New Jersey matter. (Doc. 110 at ¶ 24). As an initial matter, this court finds it unlikely that the New Jersey state court will schedule a mediation immediately after a failed settlement conference. In any event, this court will not further extend the supplemental briefing schedule, even if a mediation is scheduled.

5

First, a settlement in the New Jersey proceeding would not fully obviate the need for supplemental briefing because one of the defendants in this case—Fidelity Deposit & Discount Bank—is not a party to the New Jersey proceeding. (Doc. 108 at 3 and Doc. 110 at ¶ 26). This Court will not further extend the supplemental briefing schedule for all parties merely because mediation may resolve the claims against some of them. Nor is it willing to set two supplemental briefing schedules on the same issue, as doing so would be inefficient.

Second, the supplemental briefing required in this case is minimally burdensome. There is only one issue to be briefed—whether CSH can feasibly be joined. (Doc. 102). That issue turns on whether CSH "is subject to service of process" and whether joinder would "deprive the court of subject-matter jurisdiction." Fed. R. Civ. P. 19(a)(1); *see also Epsilon Energy USA, Inc. v. Chesapeake Appalachia, LLC*, 80 F.4th 223, 232 (3d Cir. 2023). The relators brought this case under the False Claims Act. (Doc. 1). Therefore, the relators' claims present a federal question, and this court has subject matter jurisdiction under 28 U.S.C. § 1331. 28 U.S.C. § 1331; *see also Latta v. Luckman*, No. CV 21-17236,

6

2022 WL 17093109, at *6 (D.N.J. Nov. 21, 2022). Joining CSH would not affect the nature of the relators' claims and would therefore not deprive the court of subject matter jurisdiction. Thus, the only issue for the parties to brief, if briefing is necessary, is whether CSH is subject to service of process. This issue is straightforward and will presumably require little, if any, research given the parties' relationship to CSH. Therefore, even if the parties ultimately settle this case, any unnecessary effort expended on supplemental briefing would be minimal.

Accordingly, the parties are directed to confer about whether CSH can feasibly be joined and to report their positions to the Court by **October 16, 2023**. In the event that supplemental briefing is necessary, the defendants must file their supplemental briefs by **October 30, 2023**, the relators must file their opposition by **November 13, 2023**, and the defendants must file any reply memoranda by **November 27, 2023**.

SO ORDERED, this 11th day of October 2023.

*s/ Daryl F. Bloom*
Daryl F. Bloom
United States Magistrate Judge